[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION de PLAINTIFF'S MOTION TO DISMISS (128)
The defendant has moved to modify the custody order contained in the final dissolution judgment rendered by this court on April 16, 1992 at which time the parties' agreement (112) was incorporated in the judgment. Article II, paragraph 2.1 provides for joint legal custody with physical custody and residence of the minor children given to the plaintiff mother. Paragraph 2.2 recites "The parties to recognize that the Wife will be moving with the children to the State of California." The agreement then provides for a detailed visitation arrangement based on the contemplated move. Shortly after the entry of judgment the plaintiff did move to California and has remained there with the children ever since.
The defendant moved to modify the child support, visitation and the medical insurance order by motion dated August 12, 1997. The plaintiff appeared by counsel and filed a motion to dismiss (120) dated October 9, 1997 which was assigned for hearing to be held November 3, 1997. On that date the parties appeared and submitted a written stipulation reducing child support, providing for medical insurance premium payment and for additional notice prior to his exercise of visitation. The court approved the stipulation and it was so ordered (122).
On February 4, 1998, the plaintiff mother registered the Connecticut judgment in California. No further proceedings have occurred in California.
The defendant has continued to be a Connecticut resident continuously from the entry of the dissolution decree until the present time.
The defendant's present motion alleges that the minor child, Brian, wishes to live with his father. The boy has remained here since arriving for summer visitation. The plaintiff's motion alleges that this court lacks jurisdiction over the custody matter under the Uniform Child Custody Jurisdiction and Enforcement Act, P.A. 99-185. The plaintiff has not pleaded the P.K.P.A., 28 U.S.C. § 1738A in her motion to dismiss.
Jurisdiction is found in Section 13 of the act since this state has made an initial child custody determination and has exclusive, continuing CT Page 14453 jurisdiction over the determination until (1) neither parent nor the child reside in this state or (2) that this state is not the home state of the child, and that although one parent continues to reside in this state the child no longer has a significant relationship with such parent and that substantial evidence is no longer available in this state concerning the child's care, protection, training and personal relationships. The facts in this case are that the father does reside in this state and no evidence has been introduced to show that he no longer has a significant relationship with the boy. Connecticut has the jurisdiction to act in the matter. The motion to dismiss is denied. It should be noted that this ruling does not concern the question whether a court of this state is an inconvenient forum as defined in Section 18.
HARRIGAN, J.